U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2004 MAY 4 PM 1 17

CLERK
BY
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# DISTRICT OF VERMONT

DAVID E. BARBER,

    Plaintiff,

v.

SAINT GOBAIN PERFORMANCE
PLASTICS CORPORATION,
    Defendant

Civil Action No. 2:04cv106

## COMPLAINT AND
## DEMAND FOR JURY TRIAL

NOW COMES, Plaintiff David E. Barber ("Barber" or "Plaintiff"), by and through counsel, and complains against Defendant Saint Gobain Performance Plastics Corporation ("Saint Gobain" or "Defendant"), as follows:

### NATURE OF CLAIM

1. Plaintiff brings claims against Defendant for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, Vermont's Fair Employment Practices Act, 21 V.S.A. § 495, *et seq.*, Vermont's Workers' Compensation Law, 21 V.S.A. §§ 643b & 710, the clear and compelling public policies of the State of Vermont and for breach of Plaintiff's employment contract and the implied covenant of good faith and fair dealing.

### JURISDICTION

2. Jurisdiction is conferred upon this Court by federal question jurisdiction, 28 U.S.C. § 1331 as well as 28 U.S.C. § 1343(a)(4). In addition, jurisdiction is conferred by 28 U.S.C. § 1332.

3. Venue lies in this jurisdiction pursuant to 28 U.S.C. § 1391, in that the alleged



HOFF
CURTIS

Hoff, Curtis, Pacht,
Cassidy, Frame,
Somers & Katims, P.C.

P.O. Box 1124
Burlington, Vermont
05402-1124



violations of law occurred in this judicial district, Plaintiff is a resident of this district and Defendant is a corporation that operated and maintained a place of business here and is subject to personal jurisdiction in the State of Vermont.

## PARTIES

4. Plaintiff is an individual with a residence in North Bennington, Vermont.

5. Defendant is a California corporation with its principal place of business in Pennsylvania.

## FACTS

6. Plaintiff repeats and realleges each and every allegation and fact contained in paragraphs 1 through 5 with the same force and affect as if fully set forth herein.

7. At all times relevant to this Complaint, Defendant operated a plant in Bennington, Vermont and employed in excess of fifteen (15) individuals.

8. Defendant produced Teflon coated glass products at its Bennington plant.

9. Plaintiff was employed in the Bennington plant for twenty-two (22) years by Defendant and its predecessors.

10. At the time of his termination on May 14, 2001, Plaintiff was employed as a tower operator.

11. At the time of his termination, Plaintiff had more seniority than any of the other eighty (80) hourly workers at the plant.

12. At the time of his termination, Plaintiff was sixth in seniority of the one hundred twenty (120) total employees at the plant.

13. Plaintiff performed his job duties satisfactorily at all relevant times and had an excellent work history with favorable oral and written performance reviews.


Hoff, Curtis, Pacht,
Cassidy, Frame,
Somers & Katims, P.C.

P.O. Box 1124
Burlington, Vermont
05402-1124

14. As part of his work duties at the time, Plaintiff was required to kneel on a concrete floor in order to staple Teflon fabric to itself as it went into a machine. Over time, this work function caused Plaintiff's left knee to deteriorate so badly that Plaintiff required a total knee replacement.

15. Plaintiff's knee condition was the result of a work-related injury and was covered by workers' compensation.

16. In June of 2000, Plaintiff's left knee was replaced in a surgical procedure.

17. On or about October 2000, while Plaintiff was on leave recuperating from his work-related injury, the Bennington plant where Plaintiff was employed was acquired by the Defendant.

18. The work-related injury incapacitated Plaintiff until January 2001 when he returned to work.

19. When Plaintiff was reinstated, Defendant unlawfully failed and refused to reinstate Plaintiff to his "fill in lead" responsibilities.

20. As a "fill in lead" Plaintiff would work as an acting supervisor and receive additional hourly pay for performing these duties.

21. When Plaintiff asked for the reason why he was denied reinstatement to his full duties, his supervisors failed and refused to give him an answer.

22. When Plaintiff was reinstated he resumed operating in the older towers at the plant in a position suitable to his condition and continued to perform his duties in this position satisfactorily.

23. One month later, in an act of retaliation for Plaintiff exercising his rights under law, Defendant unilaterally transferred Plaintiff to work in one of the newer towers knowing the



Hoff, Curtis, Pacht,
Cassidy, Frame,
Somers & Katims, P.C.

P.O. Box 1124
Burlington, Vermont
05402-1124

3

position was physically more demanding and not suitable to Plaintiff's condition.

24.   Plaintiff soon noticed that the duties of his new position caused excessive stress to his injured knee, causing Plaintiff extreme pain and interference with his work. Plaintiff brought these problems to his supervisor's attention and the supervisor instructed him to continue his work as assigned.

25.   On March 9, 2001 Plaintiff's assigned duties caused him so much pain that he went to Defendant's plant doctor, Dr. Ghosh ("the company doctor") and complained that working the new tower was aggravating his knee.

26.   The company doctor then imposed restrictions on Plaintiff's duties, which included resting his knee for five (5) to ten (10) minutes every two (2) hours but did not remove Plaintiff from his new job in the new tower.

27.   The company doctor's restrictions did not reduce Plaintiff's pain and caused an unnecessary interruption in the flow of the work performed by Plaintiff's co-workers.

28.   Plaintiff advised the company doctor that the new restrictions he imposed did not help.

29.   The company doctor admitted to the Plaintiff that the Defendant would never approve any order he might issue restricting Plaintiff from working a particular machine.

30.   After this appointment with the company doctor, Plaintiff's supervisor Bruce Knapp took him off the new assignment in an effort to accommodate his disability. Later that day Knapp told Plaintiff that the "powers above" had overruled him and sent Plaintiff back to continue working in one of the newer towers.

31.   Plaintiff returned to his own physician, Dr. Holmes, who had performed the surgery and who prepared a letter to the Company expressing his opinion that Plaintiff's



Hoff, Curtis, Pacht,
Cassidy, Frame,
Somers & Katims, P.C.

P.O. Box 1124
Burlington, Vermont
05402-1124

4

condition was suitable to the position he held prior to his knee injury.

32. Defendant continued to refuse to reinstate Plaintiff to the full duties he enjoyed prior to his injury in 2000 despite his suitability for such work and despite its obligation under 21 V.S.A. §643b to do so.

33. On March 23, 2001 Plaintiff went again to the company doctor and told him that despite the restrictions he had placed on his work, he was still in constant pain performing his duties, that the pain was interfering with his work and requested that he be returned to his original position which would eliminate the pain in its entirety. The company doctor placed Plaintiff on further work restrictions including elevating and icing his knee for 5 to 10 minutes every two hours and not to climb or lift over 40 pounds. Despite the company doctor's new restrictions, Defendant kept Plaintiff working in the new tower.

34. Shortly thereafter, Defendant's management officials pulled Plaintiff into a secret meeting in the plant that was hostile and accusatory toward Plaintiff.

35. Prior to the meeting and prior to his injury, the plant manager told Plaintiff "I have no use for anyone on Workers Comp," and that "90% of the people on workers comp are fakers or phonies."

36. During the meeting, one management official told Plaintiff that Dr. Holmes' note was "an insult" to Defendant.

37. Plaintiff told the assembled group of management that all he wanted to do was go back to the job he had before he was injured. In response Defendant's operations manager told him "we're keeping you on the newer towers for training purposes" and that "business dictates you stay where you are."

38. Plaintiff had no choice but to return to his job in the newer towers where he



Hoff, Curtis, Pacht, Cassidy, Frame, Somers & Katims, P.C.

P.O. Box 1124
Burlington, Vermont
05402-1124

remained in almost constant pain performing his duties and under virtual constant surveillance by management.

39. On or about May 10, 2001, Plaintiff went to work after waking up in excruciating abdominal pain. Supervisor Bruce Knapp suggested that Plaintiff go to Southwestern Vermont Medical Center emergency room.

40. At Southwestern Medical Center, Plaintiff was diagnosed with a hernia and given a doctor's note excusing him from work due to the injury.

41. Since the plant was on the way home, Plaintiff stopped at the plant with a doctor's note indicating he had a hernia, that he should be excused from work for the day and also stating his work restrictions for when he returned to work the next day.

42. Plaintiff believed the hernia was caused on the job during a day in March when he had been required to engage in unusual amounts of heavy lifting as advised management of this fact.

43. Upon his return to work, Plaintiff was instructed by the human resources manager to fill out a supervisor's incident report about how he suffered his hernia injury.

44. In accordance with management's instructions, Plaintiff filled out the supervisor's incident report and left the document on his supervisor's desk.

45. On later reviewing the document, Plaintiff's supervisor Bruce Knapp told Plaintiff he had completed the report incorrectly. The supervisor and Plaintiff then redid the form in the proper manner and submitted it to management.

46. Thereafter Plaintiff was summarily fired for false and pretextual reasons: for filling out a supervisor's incident report and for not reporting a work related injury in a timely manner.



Hoff, Curtis, Pacht,
Cassidy, Frame,
Somers & Katims, P.C.

P.O. Box 1124
Burlington, Vermont
05402-1124

47. Defendant's employment policies and practices permitted Plaintiff's termination only for just cause.

48. Defendant terminated Plaintiff without just cause.

49. At the time of Plaintiff's termination Defendant had adopted a pattern and practice of firing employees with a history of work-related injuries.

50. Defendant had never terminated any similarly situated employee who was not regarded as disabled or who did not have a history of workers compensation benefit claims for the reasons it proffered for firing the Plaintiff.

51. Other similarly situated employees of the Defendant's had engaged in far more serious behavior and were not treated as harshly as the Plaintiff.

52. Defendant made up phony reasons for firing Plaintiff because Plaintiff had asserted claims for benefits under Vermont's Workers' Compensation law.

53. Defendant made up phony reasons for firing Plaintiff because they knew Plaintiff had a disability.

54. Defendant made up phony reasons for firing Plaintiff because Defendant regarded Plaintiff as disabled.

55. Defendant refused to reasonably accommodate Plaintiff.

56. Defendant did not engage in any type of good faith interactive process to discuss what type of accommodations were reasonable and/or could be provided to Plaintiff.

57. After Plaintiff's termination, the Company continued to have a need for a person to perform the duties and responsibilities of Plaintiff's position.

58. Defendant replaced Plaintiff with another employee.

59. Plaintiff's replacement did not have a disability.



Hoff, Curtis, Pacht,
Cassidy, Frame,
Somers & Katims, P.C.

P.O. Box 1124
Burlington, Vermont
05402-1124

7



60. Plaintiff's replacement did not have a history of seeking workers' compensation benefits.

61. Plaintiff's disability substantially limited Plaintiff in major life activities.

62. The disabilities set forth above did not limit Plaintiff's ability to perform the essential functions of his job and/or would not have limited Plaintiff's ability to do so if he had been provided reasonable accommodations.

63. Had it not been for Plaintiff's disabilities and/or Defendant's regarding Plaintiff as having such impairment(s), Plaintiff's requests for accommodation, and/or Plaintiff's assertion of his workers' compensation rights, Plaintiff would not have been terminated from his position with Defendant.

64. Later in 2001, after Defendant had moved its operations to Merrimack, New Hampshire, Plaintiff re-applied for his position in the tower, which was vacant, suitable for Plaintiff's condition and for which he was qualified.

65. Defendant refused to hire Plaintiff for discriminatory, retaliatory and otherwise unlawful reasons.

## COUNT I

**(Unlawful Discrimination in Violation of the American with Disabilities Act, 42 U.S.C. § 12101, *et seq.* and Vermont's Fair Employment Practices Act, 21 V.S.A. § 495 *et seq.*)**

66. Plaintiff repeats and realleges each and every allegation and fact contained in paragraphs 1 through 65 with the same force and affect as if fully set forth herein.

67. At all times relevant herein, Plaintiff was disabled within the meaning of the Americans with Disabilities Act.

68. At all times relevant herein, Plaintiff was a qualified individual with a disability.

69. Plaintiff was substantially limited in major life activities.



Hoff, Curtis, Pacht, Cassidy, Frame, Somers & Katims, P.C.

P.O. Box 1124
Burlington, Vermont
05402-1124

8

70. With or without a reasonable accommodation, Plaintiff was a qualified individual able to perform the essential function of his job.

71. Defendant fired Plaintiff and thereafter refused to reinstate Plaintiff because of his disability.

72. Defendant fired Plaintiff and thereafter refused to reinstate Plaintiff because he has a history and/or record of having a disability.

73. Defendant, by its aforesaid actions, intentionally engaged in discriminatory conduct against Plaintiff and acted with malice or reckless indifference to Plaintiff's protected rights.

74. Plaintiff has been harmed as a result of Defendant's actions.

75. Plaintiff timely filed an administrative claim with the Equal Employment Opportunity Commission.

76. More than one hundred eighty (180) days have expired since the filing of the charge and, within the past ninety (90) days, Plaintiff has received a Notice of Right to Sue letter from the EEOC, a copy of which is attached.

WHEREFORE, Plaintiff demands judgment against Defendant including an award of damages for back and front pay and lost benefits, compensatory damages, punitive damages, attorneys' fees, interest, costs, reinstatement, injunctive relief, declaratory relief, and such other and further relief as this Court deems just and proper.

## COUNT II

**(Unlawful Discrimination in Violation of The American with Disabilities Act, 42 U.S.C. § 12101, *et seq.* and Vermont's Fair Employment Practices Act, 21 V.S.A. § 495 *et seq.*, for Regarding the Plaintiff as Disabled)**

77. Plaintiff repeats and realleges each and every allegation and fact contained in



Hoff, Curtis, Pacht,
Cassidy, Frame,
Somers & Katims, P.C.

P.O. Box 1124
Burlington, Vermont
05402-1124

paragraphs 1 through 76 with the same force and affect as if fully set forth herein.

78. At all times relevant herein, Plaintiff was regarded by Defendant as having a disability or impairment with the meaning of the Americans with Disabilities Act and Vermont's Fair Employment Practices Act.

79. Defendant fired and thereafter refused to reinstate Plaintiff because it regarded Plaintiff as disabled.

80. Defendant, by its aforesaid actions, intentionally engaged in discriminatory conduct against Plaintiff and acted with malice or reckless indifference to Plaintiff's protected rights.

81. Plaintiff has been harmed as a result of Defendant's actions.

82. Plaintiff timely filed an administrative claim with the Equal Employment Opportunity Commission.

83. More than one hundred eighty (180) days have expired since the filing of the charge and, within the past ninety (90) days, Plaintiff has received a Notice of Right to Sue letter from the EEOC, a copy of which is attached.

WHEREFORE, Plaintiff demands judgment against Defendant including an award of damages for back and front pay and lost benefits, compensatory damages, punitive damages, attorneys' fees, interest, costs, reinstatement, injunctive relief, declaratory relief, and such other and further relief as this Court deems just and proper.

## COUNT III

**(Unlawful Discrimination in Violation of The American with Disabilities Act, 42 U.S.C. § 12101, *et seq.* and Vermont's Fair Employment Practices Act, 21 V.S.A. § 495 *et seq.*, for Failing to Reasonably Accommodate Plaintiff)**

84. Plaintiff repeats and realleges each and every allegation and fact contained in



Hoff, Curtis, Pacht,
Cassidy, Frame,
Somers & Katims, P.C.

P.O. Box 1124
Burlington, Vermont
05402-1124

10

paragraphs 1 through 83 with the same force and affect as if fully set forth herein.

85. Prior to his termination, Plaintiff informed Defendant of his need for reasonable accommodations.

86. Defendant failed to reasonably accommodate Plaintiff.

87. Defendant failed to engage in a good faith interactive process with Plaintiff over his need for reasonable accommodations.

88. Defendant's failure to reasonably accommodate Plaintiff and its subsequent termination of Plaintiff's employment was in violation of the Americans with Disabilities Act and Vermont's Fair Employment Practices Act.

89. Defendant, by its aforesaid actions, intentionally engaged in discriminatory conduct against Plaintiff and acted with malice or reckless indifference to Plaintiff's protected rights.

90. Plaintiff has been harmed as a result of Defendant's actions.

91. Plaintiff timely filed an administrative claim with the Equal Employment Opportunity Commission.

92. More than one hundred eighty (180) days have expired since the filing of the charge and, within the past ninety (90) days, Plaintiff has received a Notice of Right to Sue letter from the EEOC, a copy of which is attached.

WHEREFORE, Plaintiff demands judgment against Defendant including an award of damages for back and front pay and lost benefits, compensatory damages, punitive damages, attorneys' fees, interest, costs, reinstatement, injunctive relief, declaratory relief, and such other and further relief as this Court deems just and proper.



Hoff, Curtis, Pacht,
Cassidy, Frame,
Somers & Katims, P.C.

P.O. Box 1124
Burlington, Vermont
05402-1124

## COUNT IV

**(Unlawful Discrimination in Violation of The American with Disabilities Act, 42 U.S.C. § 12101, *et seq.* and Vermont's Fair Employment Practices Act, 21 V.S.A. § 495 *et seq.*, for Retaliation)**

93. Plaintiff repeats and realleges each and every allegation and fact contained in paragraphs 1 through 92 with the same force and affect as if fully set forth herein.

94. Plaintiff had requested reasonable accommodations for his disabilities from Defendant prior to his termination.

95. Defendant was aware of Defendant's disabilities.

96. Defendant was aware of the Plaintiff's need for reasonable accommodations.

97. When Plaintiff requested reasonable accommodations from Defendant, he was engaged in conduct protected by the Americans with Disabilities Act and Vermont's Fair Employment Practices Act.

98. After Plaintiff made the request for reasonable accommodations, he was discharged and thereafter refused reinstatement.

99. There was a causal connection between the discharge and the conduct.

100. Defendant fired Plaintiff and thereafter refused to reinstate Plaintiff because he had exercised his rights under the Americans with Disabilities Act and Vermont's Fair Employment Practices Act.

101. Defendant, by its aforesaid actions, intentionally engaged in discriminatory conduct against Plaintiff and acted with malice or reckless indifference to Plaintiff's protected rights.

102. Plaintiff has been harmed as a result of Defendant's actions.

103. Plaintiff timely filed an administrative claim with the Equal Employment



Hoff, Curtis, Pacht,
Cassidy, Frame,
Somers & Katims, P.C.

P.O. Box 1124
Burlington, Vermont
05402-1124

Opportunity Commission.

106. More than one hundred eighty (180) days have expired since the filing of the charge and, within the past ninety (90) days, Plaintiff has received a Notice of Right to Sue letter from the EEOC, a copy of which is attached.

WHEREFORE, Plaintiff demands judgment against Defendant including an award of damages for back and front pay and lost benefits, compensatory damages, punitive damages, attorneys' fees, interest, costs, reinstatement, injunctive relief, declaratory relief, and such other and further relief as this Court deems just and proper.

## COUNT V

**(Unlawful retaliation and discrimination in violation of Vermont's Workers' Compensation Laws, 21 V.S.A. §§643b & 710 and the Clear and Compelling Public Policies of the State of Vermont)**

105. Plaintiff repeats and realleges each and every allegation and fact contained in paragraphs 1 through 104 with the same force and affect as if fully set forth herein.

106. Defendant failed and refused to reinstate Plaintiff to a position suitable to his condition given the position Plaintiff held at the time of his work related injury as required under 21 V.S.A. § 643b.

107. Defendant fired, refused to reinstate and otherwise discriminated against Plaintiff because he had asserted a claim for benefits under Vermont's Workers' Compensation laws.

WHEREFORE, Plaintiff demands judgment against Defendant including an award of damages for back and front pay and lost benefits, compensatory damages, punitive damages, attorneys' fees, interest, costs, reinstatement, injunctive relief, declaratory relief, and such other and further relief as this Court deems just and proper.



Hoff, Curtis, Pacht,
Cassidy, Frame,
Somers & Katims, P.C.

P.O. Box 1124
Burlington, Vermont
05402-1124

## COUNT VI

### (Breach of Employment Contract)

108.   Plaintiff repeats and realleges each and every allegation and fact contained in paragraphs 1 through 102 with the same force and effect as if fully set forth herein.

109.   Defendant fired Plaintiff without just cause.

WHEREFORE, Plaintiff demands judgment against Defendant including an award of damages for back and front pay and lost benefits, compensatory damages, punitive damages, interest, costs, reinstatement, injunctive relief, declaratory relief, and such other and further relief as this Court deems just and proper.

## COUNT VII

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

110.   Plaintiff repeats and realleges each and every allegation and fact contained in paragraphs 1 through 109 with the same force and effect as if fully set forth herein.

111.   Defendant fired Plaintiff in bad faith, without a legitimate business reason and in an arbitrary and capricious effort to deprive Plaintiff of the benefits of the employment contract.

WHEREFORE, Plaintiff demands judgment against Defendant including an award of damages for back and front pay and lost benefits, compensatory damages, punitive damages, interest, costs, reinstatement, injunctive relief, declaratory relief, and such other and further relief as this Court deems just and proper.

## COUNT VIII

### (Punitive Damages)

112.   Plaintiff repeats and realleges each and every allegation and fact contained in paragraphs 1 through 111 with the same force and effect as if fully set forth herein.

113.   Defendant's conduct toward Plaintiff is malicious and reprehensible, evidencing



Hoff, Curtis, Pacht,
Cassidy, Frame,
Somers & Katims, P.C.

P.O. Box 1124
Burlington, Vermont
05402-1124

reckless and wanton disregard for Plaintiff's rights, ill will, insult and oppression.

WHEREFORE, Plaintiff demands judgment against Defendant including an award of punitive damages and such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.

Dated: May 4, 2004                                Respectfully Submitted,

**PLAINTIFF DAVID E. BARBER**
**by his Attorneys:**

_____
Richard T. Cassidy, Esq.
Thomas H. Somers, Esq.
HOFF CURTIS
100 Main Street, P.O. Box 1124
Burlington, VT 05402-1124
(802) 864-6400

_____
Bradley D. Myerson, Esq.
5261 Main Street, P.O. Box 915
Manchester Center, VT 05255
(802) 362-1505

4236\Pleadings\barbercomplaint.003



Hoff, Curtis, Pacht,
Cassidy, Frame,
Somers & Katims, P.C.

P.O. Box 1124
Burlington, Vermont
05402-1124

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: David E. Barber
P.O. Box 499
North Bennington, VT 05257

From: Boston Area Office
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16K-2001-00102 | Rance A. O'Quinn, Enforcement Supervisor | (617) 565-3192 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Robert L. Sanders,
Director

APR 1 2004
(Date Mailed)

Enclosure(s)

cc: Unknown
SAINT-GOBAIN PERFORMANCE
C/O Ct Corporation System
148 College Street
Burlington, VT 05401

Thomas H. Somers
Hoff Curtis Pacht Cassidy
Frame Somers & Katimas, P.C.
100 Main Street
P. O. Box 1124
Burlington, VT 05402-1124