```
                    UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF VERMONT

DAVID E. BARBER,                     :
        Plaintiff,                   :
                                     :
        v.                           :   File No. 1:04-CV-106
                                     :
SAINT GOBAIN PERFORMANCE             :
PLASTICS CORPORATION,                :
        Defendant.                   :
_____       :
```

## RULING ON MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Paper 83)

Now pending in this employment case are both parties' Objections, Papers 84, 85, to Magistrate Judge Niedermeier's Report and Recommendation ("R&R"). Paper 83. Upon de novo review, see Fed. R. Civ. P. 72(b), the Court concludes there is no merit to the arguments raised in Defendant's Objection. Plaintiff's Objection, however, stands on different footing and for the reasons that follow, it is granted in part.

On Count V (Violation of Vermont Worker's Compensation Laws), the Magistrate Judge recommends that Defendant's motion for summary judgment be granted as to Plaintiff's theory that Defendant violated its obligation under 21 V.S.A. § 643b(b) to reinstate Plaintiff to his prior position or a suitable alternative. But in so doing, the R&R seems to focus solely on whether Plaintiff's assignment to the more physically demanding Tower R/S as a Tower Operator was a suitable alternative

1

position.  See Paper 83 at pp. 23-26.  This somewhat circumscribed framing of the issue, however, does not address Plaintiff's contention that upon reinstatement, he was also stripped of his "Fill-In Lead" duties (and the concomitant premium rate of pay) which he had assumed prior to his leave of absence.  See, e.g., Paper 61 at p. 6 ("[n]ot only was Plaintiff denied reinstatement to his job on the smaller towers, . . . he was fired from his part-time job as 'fill-in lead'[;] a supervisory position that provided him with extra pay").  Thus, despite otherwise offering a thorough and well-reasoned discussion of this case, the Court concludes that a limited recommittal is appropriate to afford the Magistrate Judge an opportunity to address the Fill-In Lead aspect of Count V.  See Fed. R. Civ. P. 72 (b) (in making a de novo determination "[t]he district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions").

   Accordingly, it is hereby ORDERED that:

   1.  Defendant's Objection is DENIED.

   2.  To the extent Plaintiff requests further consideration of his Fill-In Lead theory in the context of Count V, Plaintiff's Objection is GRANTED.

   3.  The Report and Recommendation is AFFIRMED, APPROVED, and ADOPTED as to Counts IV, VI, VII, and VIII. Defendant's Motion for Summary Judgment (Paper 51) on these counts is DENIED.

    4.    This case is respectfully REMANDED to Magistrate Judge Niedermeier so that he may conduct any necessary proceedings and issue a supplemental Report and Recommendation addressing that part of Count V related to Plaintiff's Fill-In Lead argument.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 14th day of September, 2006.

                                       /s/ J. Garvan Murtha
                                       J. Garvan Murtha
                                       United States District Judge